[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION 
The plaintiff has filed for a dissolution of her marriage with the defendant. Based upon the evidence presented at a contested hearing in this matter, the court makes the following findings.
The plaintiff and the defendant were married on July 11, 1992 in Branford, Connecticut. There are two children who are issue of the marriage, Taylor, age 8, and Samantha, age 5.
The parties stipulated during the trial to an award of joint legal custody of the minor children with primary physical residence with the plaintiff. They could not agree on the extent of visitation with the defendant.
The plaintiff is thirty years old. In 1986, the plaintiff was diagnosed as having a brain tumor. It appears to be controlled by medication and it does not prevent her from working. She is a high school graduate and attended one year of college and one year of business school. The plaintiff is currently employed as a receptionist for a medical practice. She works approximately thirty hours per week and earns gross income of $410 and net income of $379 weekly. Except for a three year period from 1996 to 1999 when the plaintiff was home caring for her children, the plaintiff has continuously worked outside the home during the marriage.
The defendant is thirty-three years old and in good health. He is employed as a heating, ventilation and air conditioning service technician with Environmental Engineering. He receives a gross weekly income of $960 and a net weekly income of $667.
The parties jointly own the marital home at 2 Anthony Road in North Haven, Connecticut. The property has a present fair market value of CT Page 4914 $157,500. The property is encumbered by a mortgage with a principal balance of $128,500 resulting in a net equity of $29,000. The home was purchased by the parties in 1997 using the proceeds from the sale of a condominium.
The plaintiff currently possesses mutual funds valued at $12,204 and her share of the parties' joint savings account with a value of $3,000. The plaintiff also has a pending personal injury lawsuit arising out of a motor vehicle accident. The defendant has a 401K valued at $8,000 and bank accounts with a total balance of $1,000.
The plaintiff claims that the defendant is primarily at fault for the breakdown of the marriage. The plaintiff contends that their marriage dissolved because the defendant was controlling in their relationship and emotionally abused her. The court finds, based on the evidence presented, that neither party is singularly at fault for the breakdown of the marriage.
Both parties have requested that they be awarded ownership and exclusive possession of the marital home. The defendant is currently occupying the home. The plaintiff moved out in October 2000 and took the two children with her. She and the children have been residing with her mother in Guilford.
The plaintiff asks that she be awarded the marital home at 2 Anthony Road in North Haven because the parties have agreed that she will have primary physical custody of the two minor children. The oldest child attends school in North Haven and the youngest child attends preschool there. Both children also attend extracurricular activities in North Haven. While the plaintiff and the two children share a two bedroom home with the plaintiff's mother, the defendant resides alone in the marital home with its three bedrooms.
The defendant argues that he is entitled to ownership and possession of the marital home because the plaintiff voluntarily chose to leave the home and seek a divorce. In addition, the defendant claims that he can afford to pay the mortgage and maintain the home while the plaintiff cannot.
After carefully considering all the statutory criteria for the distribution of property pursuant to General Statutes § 46b-81, I have determined that it is most appropriate to award ownership and possession of the marital home to the plaintiff. The statute requires that the court consider the needs of the parties. The plaintiff's needs include her responsibilities as the primary custodian of the children. As the custodial parent, the plaintiff is in greater need of a three bedroom CT Page 4915 home in North Haven than is the defendant. The plaintiff's limited income and limited ability to acquire real property in the future also counsel for awarding the marital home to her.
The plaintiff has requested that the court award her periodic alimony. After carefully considering all the criteria governing the award of alimony pursuant to General Statutes § 46b-82, I have determined that the provision of alimony to the plaintiff is not appropriate. The marriage which lasted approximately eight years is not a long one. The plaintiff, at age thirty, is still young. Although the plaintiff testified that she was diagnosed fifteen years ago with a brain tumor, she provided no evidence that it adversely affects her health. The plaintiff is employed and able to financially support herself. Although she currently works only thirty hours per week, there is nothing that prevents her from seeking and obtaining full-time employment elsewhere.
In determining the orders issued herein, I have carefully considered all the relevant statutory criteria, including those contained in General Statutes § 46b-81 as they relate to the assignment of property, § 46b-82 as they relate to the award of alimony, § 46b-56 as they relate to custody and visitation, and § 46b-84 and the child support guidelines as they relate to the award of child support. The court enters the following orders:
1. The marriage is ordered dissolved on the grounds of irretrievable breakdown.
2. In accordance with the agreement of the parties, the parties are awarded joint legal custody of the minor children with primary physical residence of the children with the plaintiff. Both parties are ordered to successfully complete the parenting education program within sixty days of this dissolution judgment.
3. The defendant is awarded the following rights of reasonable visitation:
a. Alternating weekends from Friday 6:30 p.m. to Sunday 5:30 p.m.
b. Every Tuesday or other weekday agreeable to the parties from 5:00 p.m. to 7:30 p.m.
c. The parties shall alternate the following holidays each year: New Year's Day, Martin Luther King Day, Easter, Memorial Day, July 4th, Labor Day, Columbus Day, Veterans Day, Thanksgiving, Christmas Eve, and Christmas. When it is the defendant's turn to have visitation with the children on Thanksgiving, he shall be entitled to pick the children up CT Page 4916 the day before Thanksgiving at a mutually convenient time so that he may travel with the children prior to the Thanksgiving holiday.
d. The defendant shall have the right to visit with each child for at least two hours on that child's birthday when the birthday does not fall on a day he would otherwise have visitation.
e. Any other time that is mutually agreed upon by the parties.
4. No alimony is awarded to either party.
5. In accordance with the child support guidelines, the defendant is ordered to pay to the plaintiff $194 weekly in child support.[1] The plaintiff shall be responsible for the first one hundred dollars of any unreimbursed medical expenses for each minor child for each calendar year. The plaintiff shall pay 55% of any unreimbursed medical expenses for the minor child that exceed one hundred dollars per calendar year and the defendant shall pay 45% of any such unreimbursed medical expenses. The defendant shall maintain medical insurance for the minor children for so long as it is available at reasonable cost through his employer. To the extent health insurance is not reasonably available through the defendant's employer, the plaintiff shall enroll the children in the HUSKY health insurance plan available through the State of Connecticut.
The plaintiff shall pay 55% of any qualified child care costs and the defendant shall pay 45% of any qualified child care costs in accordance with the child support guidelines.
6. The plaintiff is awarded sole ownership of the marital home at 2 Anthony Road in North Haven, Connecticut. Effective May 1, 2001, the plaintiff shall be solely responsible for paying the mortgage, taxes, and liens, if any, on the property. The plaintiff shall hold the defendant harmless and indemnify the defendant with respect to any and all mortgages, liens, encumbrances and taxes on the property. The defendant shall quitclaim his interest in the marital home to the plaintiff and, in return, the plaintiff shall provide the defendant with a note and mortgage in the amount of $14,500 which represents the value of the defendant's one-half interest in the marital home. The note and mortgage shall be in substantial compliance with the requirements established by Fannie Mae. The note shall include an interest rate of 5% per annum on any unpaid principal and become due and payable in full upon the sale of the property by the plaintiff, remarriage or cohabitation by the plaintiff, or April 2, 2006, whichever shall first occur. The plaintiff may prepay all or a portion of the note at any time without penalty. The court shall retain jurisdiction to enforce the provisions of this order. CT Page 4917
The plaintiff is awarded exclusive possession of the marital home beginning May 1, 2001.
7. The plaintiff shall retain her entire interest in the mutual funds valued at $12,204 and the savings account with a value of $3,000 listed on her financial affidavit.
8. The defendant shall retain his entire interest in the 401K valued at $8,000 and bank accounts with a total balance of $1,000 listed on his financial affidavit.
9. The plaintiff shall retain her entire interest in any proceeds from the personal injury action currently pending due to her involvement in a motor vehicle accident.
10. The plaintiff is awarded sole ownership of the 1991 Honda Civic and the defendant is awarded sole ownership of the 1984 Honda Accord and the Honda motorcycle. The parties shall take whatever steps are necessary to convey clear title of the appropriate motor vehicle to the other.
11. The issue of the distribution of personal property is hereby referred to Family Relations for mediation and, if unsuccessful, to the court for resolution of any dispute.
12. The defendant shall cooperate with the plaintiff so that she may exercise, at her election, her rights under the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"), to the extent such rights are available to her, to maintain health insurance at her expense under the defendant's health insurance plan.
13. Each of the parties shall pay one-half of the credit card debt of $500 listed on the defendant's financial affidavit.
14. Each of the parties shall be responsible for the payment of their respective attorney's fees.
15. The plaintiff shall maintain a life insurance policy of $40,000 and the defendant shall maintain a life insurance policy of $250,000 with each policy naming the children as beneficiaries for so long as the children are minors.
BY THE COURT
Judge Jon M. Alander